IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BETTY J. HAYES, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-402-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Betty J. Hayes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 21, 1961 and was 48 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a kitchen helper. Claimant alleges an inability to work beginning September 17, 2006 due to limitations resulting from lumbar strain,

mild degenerative joint disease of the cervical spine, hypertension, and depression/dysthymia disorder.

**Procedural History**

On August 22, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 17, 2009, an administrative hearing was held before ALJ Glenn A. Neel in Paris, Texas. On December 15, 2009, the ALJ issued an unfavorable decision on Claimant's application. On September 14, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with some limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in reaching

4

Claimant's RFC.

**RFC Evaluation**

Claimant contends the ALJ inaccurately set forth her limitations in arriving at an RFC. In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar strain, mild degenerative joint disease of the cervical spine, hypertension, and depression/dysthymia disorder. (Tr. 13). He concluded that Claimant could perform light work except that she can only occasionally stoop and, due to psychologically based factors, can perform simple and some complex tasks, can relate to others on a superficial work basis, and can adapt to a work situation. (Tr. 16). Claimant contends these limitations are insufficient.

Claimant's depression has a genesis in a motorcycle accident in which she was involved in September of 2006. Claimant was a passenger on the back of the motorcycle when it was struck from behind by a moving motor vehicle. Claimant contends she has been in severe pain in her neck and back since the accident which gave rise to her developing depression. (Tr. 154).

On September 19, 2007, a Mental Residual Functional Capacity Assessment form was completed by Dr. Sally Varghese. Dr. Varghese found Claimant was moderately limited in the areas of understanding

5

and remembering detailed instructions, carrying out detailed instructions, and interacting appropriately with the general public. (Tr. 396-97). In her functional capacity assessment, Dr. Varghese found Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, and could adapt to a work situation. (Tr. 398).

On February 9, 2008, Claimant underwent a mental status examination by Dr. Patrick Turnock. Dr. Turnock found Claimant suffered from dysthymic disorder, rule out Asperger's syndrome with limited social support, unemployment, and financial difficulty. He recommended continued treatment for her depression. (Tr. 409-11).

On March 11, 2008, Dr. Ron Smallwood completed a Psychiatric Review Technique on Claimant. He found Claimant suffered from non-severe affective disorders, namely dysthymic disorder. (Tr. 413). Dr. Smallwood determined Claimant had mild limitations in activities of daily living, maintaining social functioning, maintaining concentration, persistence or pace with insufficient evidence of episodes of decompensation. (Tr. 423). Dr. Smallwood concluded Claimant's thought processes were logical and goal directed, alert and oriented, memory and concentration were within normal limits. He determined Claimant's activities of daily living were not significantly limited due to mental allegations of

depression. (Tr. 425).

On November 4, 2008, Claimant was assessed by the Mental Health and Substance Abuse Centers of Southern Oklahoma. Claimant was diagnosed with major depressive disorder, recurrent, severe with psychotic features with problems in primary support group, social environment, economics, occupational problems, and access to health care. Claimant's GAF was found to be 45. (Tr. 434). By November 17, 2008, however, the medical record indicates Claimant's GAF had "increased" without specifying the level of increase. (Tr. 443).

Claimant's arguments are somewhat vague and curious. Claimant's attorney states he is "troubled by the lack of evidence to support the ALJ's RFC assessment as it relates to mental health" but is unspecific as to his precise concerns or legal arguments. The ALJ's RFC determination tracks Dr. Varghese's documented limitations with precision. Therefore, it cannot be said his findings lack evidentiary support. Moreover, nothing in the medical record indicates more extensive limitations posed by Claimant's mental impairments than what was imposed by both Dr. Varghese and Dr. Turnock.

Counsel is also "bothered by the lack of record development in this case." While the ALJ certainly has a responsibility to fully

develop the record, Claimant does not specifically identify where the record is deficient. The ALJ's decision is supported by substantial evidence in the record and further development was not required.

To the extent Claimant argues the ALJ should have considered and discussed the GAF score of 45, this Court finds no error in the omission. A low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). A GAF score may be of considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." Holcomb v. Astrue, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). Reversal on the failure to discuss Claimant's GAF score is not warranted.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such

findings.

DATED this 9th day of February, 2012.

                                            KIMBERLY E. WEST
                                            UNITED STATES MAGISTRATE JUDGE